**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

EARNEST EDWARD FRIEND                                                                 PLAINTIFF
ADC #660262

V.                                          NO: 3:16CV00027 PSH

LUKE HOGGARD *et al*                                                                  DEFENDANTS

**<u>ORDER</u>**

On July 8, 2016, plaintiff Earnest Edward Friend, an inmate at the Arkansas Department of
Correction's Delta Regional Unit, filed what has been docketed as a motion for discovery and a
motion for appointment of counsel, seeking information from Rainwater, Holt, & Sexton P.A., the
law firm for defendants Allison Huckabee, Tonya Moss, and Steve Wright (Doc. No. 30).
Huckabee, Moss, and Wright, filed a response in opposition, along with a brief in support, on July
13, 2016 (Doc. Nos. 31 & 32).[1]  Friend filed a second motion for appointment of counsel on July
22, 2016 (Doc. No. 34).

<u>Motion for discovery</u>

In his motion for discovery, Friend requests the name of the individual who provided his
Arkansas Department of Correction ("ADC") medical records, so that he may obtain copies of the
records himself.  Friend also seeks his medical records from the Greene County Jail.  According to
the defendants' response, they have sent Friend a copy of medical records maintained by the Greene
County Detention Center, and have agreed to produce to him any other medical records they receive
pursuant to his medical authorization.  However, the defendants state they have not provided the

---

[1]Defendants objected only as to Friend's motion for discovery, and took no position on his
motion to appoint counsel.

ADC's medical records at the request of the ADC.  The discovery responses provided by Huckabee, Moss, and Wright, are sufficient.  Friend may request a review of his ADC medical records at his ADC unit.  If Friend cannot gain access to his ADC medical records upon request, he may seek further Court guidance in the future.[2]

<u>Motions to appoint counsel</u>

It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that the nature of the litigation is such that the plaintiff, as well as the Court, will benefit from the assistance of counsel.  *Johnson v. Williams*, 788 F.2d 1319, 1322  (8th Cir. 1986).  In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.  *Id*. at 1322-23.  These factors are not an exclusive checklist, and the "weight to be given any one factor will vary with the case."  *Id*. at 1323; *see also Stevens*, 146 F.3d at 546; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Friend's claims are not legally or factually complex.  Furthermore, it appears from the record that Friend is capable of presenting his claims without the benefit of appointed counsel.  Thus, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

---

[2]Friend filed a subsequent request on July 15, 2015, requesting the name of the individual who provided the ADC records (Doc. No. 33).  An attachment defendants provided indicates the records were provided by HealthPort of Atlanta (Doc. No. 31-4).

IT IS THEREFORE ORDERED THAT Friend's motion for discovery and his motions for appointment of counsel (Doc. Nos. 30 & 34) are DENIED.

DATED this 3rd day of August, 2016.

_____

UNITED STATES MAGISTRATE JUDGE